The opinion of the court was delivered by
Miller, J.
The defendant appeals from the sentence of ten years imprisonment for manslaughter.
It is urged the court erred in overruling the motion to quash the indictment. The grounds of the motion to quash were that the ballots or slips of paper were not written by the clerk, and did not contain the number of the ward or place of residence of the jurors. The testimony is that the names of three of the jurors on the ballots drawn from the box to form the petit jury were in handwriting not known to the clerk of the court, and from this the conclusion is deduced that the ballots were not written by the clerk as urged in the motion to quash. A portion of the ballots were written by one of the commissioners, but in the presence of the clerk and the other commissioners. It further appears that the ballots have only the name of the juror and a number, and this is the basis of the objection that the residence of the juror is not on the ballot as the law requires.
Under the law three hundred ballots bearing the names of jurors were required to be put in the jury box at the outset, and the box is to be replenished from time to time, so that the standard of three hundred *1275 names shall at all times be maintained. It is a fair inference that the box contdns ballots bearing names written by the clerks, or at least some of them, who have at different periods filled the office, the duty of writing the names being imposed on the clerk as one of the jury commissioners. Act No. 44 of 1877.
The presumption that the ballots were placed in the box and the names written on them by the clerk is not at all displaced by the testimony of the present clerk of his want of knowledge of the handwriting on three of the ballots. The inference is authorized the handwriting was one of his predecessors in office.
The number on the ballot could ha > e been placed upon it for no other purpose than to indicate the ward of the juror’s residence. Of course it would have been better to add word “ ward,” but still the significance of the number is, that residence is intended, so as to meet the requisite of the law that the ballot shall bear the residence as well as name of the juror.
When we are asked to quash this indictment on the ground that others than the clerk wrote the names on the ballots, the answer is, there is no proof to sustain that ground. To call on this court to quash the indictment because the ballots bearing numbers, manifestly referring to the jurors’ residence, do not contain the word “ward,” is to insist, we think, on an exactitude as to details not ordinarily attainable or to be expected. The law directs the clerk shall write the names. In this case some w. re written by one of the commissioners, but in the presence of his co-commissioners and of the clerk. This was a deviation from the law. But the law has wisely provided that no venire of jurors shall be set aside and indictments quashed for any irregularity in drawing juries, unless it appears that some great wrong or injury has resulted to the prisoner. No such wrong is suggested in this case, and we think this saving provision in the jury law is in itself a sufficient answer to the objection the ballots were not written by the clerk and did not express the jurors’1 residence. The decision cited by the prisoner’s counsel from 29 An. 825; 48 An. 1131; 35 An. 350, maintains the nullity of venires, drawn without the presence of the clerk, clothed as he is with important functions in the jury drawings; they also'hold that the assumption by strangers of the functions of jury commissioners, vitiates the venire. We can-not appreciate the application of those decisions to this case.
*1276 The last point urged against the verdict is that the lower court erred in admitting in evidence the testimony of witnesses on the preliminary examination. The objection is: no foundation was laid for the introduction of the testimony. It is urged in the brief that the preliminary examinations were not attested by the magistrate. The bill of exceptions does not show that objection. The bill states “the papers were not in proper shape.” That objection is too vague. We must conclude the preliminary examinations were properly certified and the depositions reduced to writing by the trial judge. No foundation was requisite to be laid other than that afforded by the papers themselves. R. S., Sec. 1010.
It is therefore ordered, adjudged and decreed that the sentence of the lower court be affirmed.